HICKSON v. CULBERT *et al.*

1. In a suit by a husband to quiet title to land standing in the name of the wife, on the ground that he furnished the consideration for the conveyance to her, in order to overcome the presumption from title being in the wife, and the presumption that the payment of the consideration by the husband was an advancement to the wife, the burden was on plaintiff to show the contrary by clear and convincing evidence.

2. In a suit by a husband to quiet title to land standing in the name of the wife, on the ground that he had furnished the consideration for the conveyance, evidence held to show that all the consideration was paid by plaintiff, and that the conveyance was taken in the wife's name for convenience, and not with the intention of making an advancement to her.

3. Rev. Civ. Code, § 303, provides that whenever a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by whom the payment is made. Held that, in order to constitute a payment within the statute, it is not necessary that all the consideration be paid or secured at the time the deed is taken in the name of the alleged trustee.

4. In order to create a trust under the statute it is not necessary that any agreement to such end be made, no agreement being contemplated by the statute.

(Opinion filed March 8, 1905.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by John Hickson against Archie Culbert and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Hosmer H. Keith* and *Albert J. Keith,* for appellants.

When the grantee is the wife of the respondent, and they occupied the place as a homestead, the presumption is that it was intended as a gift or advancement, even if the husband paid the consideration; and the parties intended that the full and absolute title, both legal and equitable, should pass together at the same time and by the same conveyance, and to overcome this presumption the evidence must be clear, strong, unequivocal and must establish a resulting trust. Bem v. Bem, 4 S. D. 138; Veeder v. McKinley et al., 86 N. W. 984; Underhill on Trusts, Art. 23, p. 160; 1 Perry on Trusts, Sec. 164-165; Doane v. Dunham, 89 N. W. 640; Pickler v. Pickler, 54 N. E. 311; Devine v. Devine, 54 N. E. 336; Strong v. Messinger, 36 N. E. 617.

A resulting trust can only be created at the time of the conveyance. Graham v. Selbie, 8 S. D. 605.

*Aikens & Judge,* for respondent.

When the purchase price of real property is paid by one person and the title taken in the name of another the presumption arises that the title is held in trust for the person paying the purchase price, and when the person paying the purchase price is under any obligation to support or care for the one in whose name the deed is taken, as where the relationship of parent and child or husband and wife exists, the presumption of a resulting trust is rebutted by a presumption that the con-

veyance was intended as an advancement.   Dorman v. Dorman, 187 Ill. 154; Bailey v. Dobbins, 93 N. W. 687.

CORSON, P. J.   This is an action to quiet title to certain lots in the city of Sioux Falls, brought under the provisions of chapter 194 of the Laws of 1903.   The case was tried to the court, and, the findings and judgment being in favor of the plaintiff, the defendants have appealed.

The plaintiff was the husband of Anna M. Hickson, who departed this life intestate in 1902, leaving no issue, and only her husband and the defendants as her heirs at law and next of kin.   The court found, in substance, that the plaintiff was the owner in fee simple of the property; that the record title to the property stood of record in the name of Annie M. Hickson, but that said Annie never had any estate, right, title, or interest in or, lien upon said property or any part thereof; that on or about the 27th day of January, 1890, the plaintiff purchased said real property; that all of the consideration therefor was paid by the plaintiff with his own funds; that plaintiff then was and now is the person in whom the right to the possession and profits of the said property was intended to be vested; that said Annie paid no portion of the purchase price of the said premises or of the cost of the improvements thereon, nor did she in any manner invest any money or anything of value in said property; that at the time said property was purchased, and subsequent thereto, the plaintiff was necessarily absent from Sioux Falls, the home of plaintiff and the said Annie, the greater part of the time, and that said property was deeded, by the person from whom the plaintiff purchased it, to the said Annie, his wife, for the rea-

19 S. D.—14

son that it would render it easier for her to care for the property during the plaintiff's absence and that it was not intended by the wife or plaintiff, by said conveyance, to vest in said Annie any right, title or interest to or in said real property or any part or portion thereof, and that said conveyance was not intended as and was not a gift or advancement; that after the purchase of said real property plaintiff and his said wife entered into possession of the same as their homestead, and continued to occupy the same up to the time of the death of the said wife, and that ever since the death of the said wife the plaintiff has continued to occupy and possess the said premises as a homestead; that the said Annie died intestate on the 24th day of May, 1902, leaving no estate, real or personal, and no creditors, and that no executor or administrator of her estate has ever been appointed. The court concludes that the plaintiff is entitled to a judgment decreeing him to be the owner of the fee-simple title to the property described, and enjoining and restraining the defendants from asserting any title thereto adversely to the plaintiff. Exceptions were taken to the findings, and a motion for a new trial was made and overruled.

It is contended by the appellants that the evidence in the case was insufficient to establish a resulting trust in favor of the plaintiff. It is conceded by counsel for the respondent that to overcome the presumption of the legal title being in the wife, and the presumption that, if the consideration was paid by the husband, it was an advancement to the wife, the burden was upon the plaintiff to show by clear and convincing evidence that the consideration was in fact paid by the plaintiff, and was not intended as an advancement to the wife. But the respondent insists that the evidence was amply sufficient to

support the findings upon these issues. As the evidence is quite brief, we shall incorporate substantially all of it in this opinion.

The plaintiff testified that he had resided with his wife upon the property in controversy for about 13 years. Mrs. Mary Hurning, called as a witness on behalf of the plaintiff, testified: That she lived on North Spring avenue, Sioux Falls. Was acquainted with the plaintiff in this action, and knew his wife in her lifetime. That she knew her intimately for ten years, and lived at that time one block from her. That about eight years ago she had a conversation with Mrs. Hickson, deceased, in regard to whether or not she had any property at the time she married Mr. Hickson, or at any other time, in which she stated to the witness at many different times that she had nothing when she was married, comparatively speaking, except her wearing apparel, and that she never at any time earned a dollar or helped to furnish money to pay for the place. That she told her that she had never paid a cent on the property, and had never had anything to pay; that Mr Hickson had worked and earned the money, and sent it to her; and that she said, "I have acted as his steward or agent, whatever you may call it, and saved all the money I possibly could aside from our daily living, and put it into the place until it was paid for." That she had a conversation with Mrs. Hurning as to why the title of the place was taken in her name, in which she said that Mr. Hickson could not earn money to pay for the place in Sioux Falls, and he was compelled to go out of town to earn it; that he was far away at many times, and would send her small amounts of money, and that when she could she would make payments on the place, and that the place was

held in her name for the sake of convenience, so she could attend to the business when he was gone.   That she said she did not claim any right or title to the place except as a wife.   That she referred to the place as "Mr. Hickson's place" always. That she never heard her say "my," but had heard her say "our home" and "Mr. Hickson's place," always.   She told the witness that she wished he would take the deed because she felt it was not right for her to hold the deed to the place when he had earned every cent to pay for it, and she had done nothing but sit in the house and accept the money as he sent it, and pay it out for the place, and that she wanted him to take it in his own name.   Melvina McLaughlin, called in behalf of the plaintiff, testified, in substance, that she was acquainted with Mr. Hickson and knew his wife; had been acquainted with her about three years.   In reply to the question, "State whether or not Mrs. Hickson ever told you who paid for their home," she answered: "She told me Mr. Hickson worked for it, and paid for it.   I nursed her while she was sick, and she told me how the place was earned."   To the question propounded to her, "Did she ever say anything to you about deeding it back to him?" she answered: "One morning I went in there, and told her I was going to Rock Rapids, and she was crying.   Mr. Hickson was just going to the city, and she had been trying to persuade him to have the deed made to him, that morning, and he would not do it, because he said she would lose courage and not get well."   She further testified: "Mrs. Hickson told me at one time, with a check in her hand that Mr. Hickson had sent to help meet the payments, 'I am holding this money in trust for Mr. Hickson to pay for this place, but as soon as it is paid for I am going to insist that he take a deed in his own name,

as I do not think it right for me to hold it when I have no interest in it more than as a wife, because I have never helped to pay for it.' "

This evidence was clear and convincing, if not conclusive, that all the consideration for the property in controversy was paid by the plaintiff; that the conveyance was taken in the name of the wife as a matter of convenience, and not with the intention that it was to be an advancement to her. The admissions of Mrs. Hickson as to the nature and character of the transaction and the payment of the consideration by the plaintiff leave no doubt upon the mind as to the nature of the transaction, and that no advancement was intended by the husband. In Dorman v. Dorman, 187 Ill. 154, 58 N. E. 235, an analogous case, the Supreme Court of Illinois, in holding that property held in the name of the wife was the property of the husband, regarded the admissions of the wife "that the land was deeded to her in trust, and that she intended to deed it back to her husband," in connection with the other facts in evidence, as controlling the intention of the parties, was sufficient to show that the payment by the husband was not intended as an advancement to her. In this case the clear and explicit statements of the wife, therefore, that the husband had paid all the consideration, and that she had no interest in the property except as a wife, and that when the property was paid for she intended to deed it to him, were properly regarded by the trial court as quite conclusive as to the nature of the transaction as between the husband and wife.

It is contended by appellants that to constitute a payment within the meaning of the statute, all the consideration must be paid or secured at the time the deed is taken in the name

of the alleged trustee, but we are of the opinion that by a fair construction of the section of our Code which provides, "When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom the payment is made" (section 303, Rev. Civ. Code), it is not material when the consideration is paid. The fact that it is paid by one person, and the conveyance taken to another, raises a trust in law in favor of the person paying the consideration, and no agreement that such a trust shall be created is necessary, as no agreement is contemplated by the provisions of the section. In other words, a trust results from the fact that the consideration, whether paid at the time the deed is taken or subsequently, is in fact paid by the person who claims the resulting trust in his favor.

We have not overlooked the other errors assigned by the appellants, but we do not deem it necessary to discuss them in this opinion.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.