## KJOLSETH v. KJOLSETH.

Evidence **held** to show that when a husband deeded land to his wife, since deceased, it was with the intent that the beneficial interest therein should pass to her, so that in the absence of any claim of homestead therein, or as heir of his wife, he was not entitled to sue to enforce a trust under a deed made to defendant by his wife and himself.

In an action to have a deed set aside and declared a trust, a question asked the plaintiff if he was the owner of the land right

along, and he answered, "Yes; I was all the time," was objectionable as calling for a conclusion of the witness.

It is a presumption where there is nothing shown to the contrary that a conveyance by husband to wife is for her support and as a proper provision for her comfort.

The rule that every element essential to the existence or creation of a resulting trust in any given case must be shown grows out of the policy pursued under the statute of frauds, and its enforcement is essential to secure the enjoyment of real property.

Where a man conveys property to his wife through a third person where the controlling motive in this transaction was to defraud creditors, the husband retains no interest either in a court of law or equity should he seek to reclaim the title.

Where the defendant in an action against him to declare property deeded to him a trust for the plaintiff spoke of the land as though it belonged to the plaintiff, but the remark was made after the death of his grantor and the plaintiff was living upon the land, the remark could as well be explained as merely recognizing the possession of the plaintiff or a homestead interest as to construe it as a recognition of ownership thereof.

(Opinion filed, Feb. 1, 1911.)

Appeal from Circuit Court, Brookings County. Hon. Geo. H. Marquis, Judge.

Action by Jens E. Kjolseth against William Kjolseth. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*J. P. Alexander,* for appellant. *Albert Matson* and *Hall, Roddle & Purdy,* for respondent.

WHITING, J. This action was brought by the plaintiff to have a certain deed given to defendant by plaintiff and his wife set aside so far as 40 acres of the land therein described was concerned, to have the court decree that defendant held title to said 40 acres as trustee for plaintiff, and decree a reconveyance from defendant to plaintiff of said 40 acres. It was the claim of plaintiff that 80 acres of land belonging to him was conveyed by himself and wife to the defendant under an agreement whereby 40 acres of said land was to become the sole property of defendant in consideration of his paying the mortgage indebtedness existing against the whole 80 acres, the other 40 acres to be held by the

defendant as trustee for the plaintiff, the plaintiff to remain the real owner thereof. The defendant, while conceding the conveyance of the 80 acres, claimed that the agreement was not as above set forth, but that under such deed the full title to all of said 80 acres passed to defendant, that in consideration of such conveyance he was to pay the mortgage incumbrances against such land, and was to support his father and mother so long as the mother should live, and, upon her death, was to furnish the father with sufficient means to enable him to return to his old home in Norway, where, according to defendant's claim, the plaintiff had expressed a desire to spend his remaining days after his wife's death. The cause was tried to the court without a jury, findings and conclusions were made in favor of plaintiff, and decree entered thereon, from which defendant has appealed.

Two questions are presented to us upon this appeal: (1) Was plaintiff the owner of this land at the time of the conveyance to defendant, and therefore the equitable owner when action was brought, and, as such, entitled to bring this action? (2) Under the evidence in the case, does it appear that the defendant held 40 acres of this land as trustee for the person who conveyed the same to him?

We have carefully considered all the evidence bearing upon the second question and believe the same ample to support findings sufficient to sustain a conclusion that, even if there were no express trust, yet there existed a constructive trust in favor of whoever was the beneficial owner at time of the conveyance to defendant. The plaintiff brought this action as, and claiming to be, the sole owner of said forty acres of land. The defendant claims that plaintiff's wife was the owner of the land at time of the conveyance under which defendant claims title, and that inasmuch as plaintiff is not claiming any rights as heir or successor of his wife, he cannot maintain this action. In this claim we think defendant is correct. It appears that some 20 years prior to the trial of this cause, being some 13 years prior to the deed under which defendant claims title and which the trial court found created a trust in favor of plaintiff, plaintiff and his wife were living upon a quarter

section of land, which land was their government homestead entered upon and proved up by the plaintiff, and which land included the 80 acres now before this court. At that time the plaintiff executed a deed of said land to the defendant, and the defendant immediately deeded the same to plaintiff's wife; the purpose of such transfers being to place the record title in plaintiff's wife. This was the situation when the deed of the 80 acres to defendant was given. The question now before us is as to whether or not by such conveyances it was intended to convey the beneficial ownership of such land to said wife. It is the claim of plaintiff that the title was so placed in the name of his wife, at the suggestion of defendant, to place said land beyond the reach of some old judgments held against plaintiff in a state from which he had removed to South Dakota, and that it was understood by all parties that such conveyances were not intended and did not convey the beneficial ownership in said premises.. Plaintiff's wife died prior to the commencement of this action. Plaintiff makes no claim as heir of his wife or as the holder of a homestead interest in the forty acres.

It will thus be seen that the question before us is exactly the same as it would be were the wife living, and she and plaintiff not having given the 80-acre deed, plaintiff had brought an action against her asking a decree adjudging such wife to be the holder of a mere naked legal title and plaintiff the real owner of the land. The evidence before us must be sufficient to warrant such a decree, in such an action between plaintiff and his wife, in order to show plaintiff entitled to bring this action as the owner of such land at time 80-acre deed was given. The only evidence bearing upon this point was given by the plaintiff himself, and, reduced to narrative form, it is as follows: "Mr. Storm asked me if my wife had a deed of this property. There was no money paid for a deed that went to her. Willie [defendant] told me to give a deed to my wife. I deeded it to Willie first and he deeded it to his mother. When I made the deed to Willie, he paid me nothing. My wife paid nothing to him when that deed was made. These deeds were given to have some money to help Willie. He wanted

me to help him pick out his land, some land here, so he could get some land. When I made this deed to Willie, this first deed I made, a long time ago, there was nothing said about judgments at this time. He could not get any money for the judgments. Therefore I turned it over to William, and he turned it over to his mother. I could not pay the judgment. It stopped me from borrowing money. The deed from Willie to his mother was made right off after the deed from me to Willie. There was no money passed between us. Willie told me to do this for to get some money. He told me just how to do it." Besides the above, there appears in the examination of plaintiff in his own behalf the following. "Q. So you were the owner of this land right along? A. Yes, sir: I was; all the time. (Defendant objects to the question as calling for a conclusion of the witness and moves to strike the answer out on the same ground. Answer allowed to stand. Exception by defendant.)" Defendant was clearly right in his objection and motion, and the above question and answer should not be considered.

What, then, have we left? Simply the fact that, at a time so long before the 80-acre deed as to have no possible connection therewith, the plaintiff rightfully or wrongfully supposing it necessary to get his land into his wife's name in order to make a loan thereon, conveys the land to her and the title so remains for some 13 years when such title is conveyed to defendant by a deed wherein the grantors are described, "Martha H. Kjolseth and Jens E. Kjolseth, her husband," with a like description in the acknowledgment, and with the wife's signature to such deed above the husband's. It appears that in 1898, 1899, and 1900 the wife and husband gave notes secured by mortgages on this land, and in each case the wife signed the notes above husband's signature. From such facts will the law presume that the conveyance to the wife was understood to be merely colorable, and as in fact conveying no interest in the land? We think not. It is the presumption, where there is nothing shown to the contrary, that a conveyance by the husband to the wife is for her support, and a proper provision for her comfort. 21 Cyc. 1290 and 1297. There is no

claim that the plaintiff was mentally incompetent when this deed was given, no duress or undue influence shown. Furthermore, there is nothing upon which a court could find the deed void for improvidence. So far as appears, plaintiff may have had a vast amount of other property when the deed was given.

As was said in Earnest's Appeal, 106 Pa. 310, in speaking of a conveyance which the law would presume to be an advancement or gift, where it is claimed a trust was imposed in favor of a husband: "This may appear from the attending circumstances, or from the acts or declarations of the parties at the time of the purchase, but it must be shown by evidence which is clear, explicit, and unequivocal. The presumption of gift, it is true, is but a presumption of fact, which determines the burden of proof. Yet, as the effect of the rebutting evidence may be to fasten a trust upon the legal title, it must for that reason conform to the measure stated. Every element essential to the existence or creation of a resulting trust in any given case must be clearly shown. This rule grows out of the policy pursued under the statute of frauds, and its enforcement is essential to the secure enjoyment of real property."

Under plaintiff's own evidence one of two things is certain: The conveyances passing apparent title to the wife were executed with a purpose, upon the part of plaintiff, to defraud his creditors, or else was the means which he thought necessary to place the real title to the land in his wife. The following words from a case very similar to this seem pertinent to the facts herein: "The deed from the plaintiff's husband and herself to their son, Peter J., on the 18th of April, 1859, conveyed whatever title her husband then had in the property to Peter J., and his deed to the plaintiff on the 21st day of April, 1863, invested her with that title. Whether the controlling motive in these transactions was to defraud creditors of the plaintiff's husband, or to place the title, by what was supposed to be the necessary legal steps, in the plaintiff, it would seem to be quite certain that he retained no interest, either in a court of law or equity, should he seek to reinvest himself with the title, for the reason that he had parted with it for either of these purposes." Chicago v. McGraw, 75 Ill. 566.

It is claimed by plaintiff that there is evidence showing that the defendant in speaking to his brother about the 40 acres of land had spoken of it as if it belonged to the plaintiff. This conversation, if it occurred, was after the death of the mother and the plaintiff was living upon the land. The remark, if made, could as well be explained as merely recognizing the possession of plaintiff, or a homestead interest, as to construe it as a recognition of ownership in fee. While we believe that under the record herein the defendant holds this land as a trustee for the benefit of the persons entitled to share in his mother's estate, it is only as heir to his wife and as holder of a homestead interest in said premises, if he is such heir and entitled to such homestead, that plaintiff is entitled to relief.

The judgment of the trial court is reversed, and this cause remanded for further proceedings consistent with the foregoing opinion.