FIRST NATIONAL BANK OF ARLINGTON, Appellant, v. MATHER et al., Respondents.

(137 N. W.51.)

1.  **Trust—Resulting Trust—Intention—Presumption—Husband and Wife.**

While under the statute of this state a resulting trust is presumed in favor of the person paying for land where title is taken in name of another, yet this rule is based upon the presumption that title is so taken for benefit of the other party and that the parties so intended; and such presumption is not strong where the parties are husband and wife.

2.  **Trusts—Resulting Trust—Lapse of Time—Husband and Wife.**

Where land owned by a husband was at foreclosure sale bought in by his wife, partly with her own and partly with his money, and the title thereunder was held by her more than fifteen years; **held**, the facts are such that the husband could not claim the land as against the wife or her creditors, and no resulting trust existed in his favor.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

Action by the First National Bank of Arlington against Abbott Mather, and Arabella Mather, his wife, as garnishee.  From a judgment for garnishee defendant, plaintiff appeals.  Affirmed.

*William H. Warren* and *E. W. Smith,* for Appellant.

1.  Not one dollar of money was ever paid by Arabella Mather for said land, to which money she could claim any greater right than her husband; and that it may well be doubted whether any money whatever was ever paid by her.

2.  At the time of the mortgage foreclosure on said land in 1891, and the subsequent issuance of deed to Arabella Mather, Abbott Mather was wholly involvent, unable to pay the small second mortgage foreclosed; and on redemption from said foreclosure had the deed run to his wife to protect the legal title for him, against debts he then owed, and was liable to later contract.

3.  It was not the intention of the parties that Abbott Mather should divest himself of anything more than the legal title, and that a resulting trust was established in the wife.

Both witnesses (Mather and wife) tried to make the court believe that $700.00 was paid by Mrs. Mather when she received the quitclaim deed. (Abst. folios 25, 31, 32, 34, 54, 57, 68, 69). Mrs. Mather testified that this was all paid in cash. (Abst. folios 91, 92). The fact is that no more than the difference between $700.00 and the two mortgages given back by Mrs. Mather, or $83.09, could have been paid in money. (Abst. folios 93, 94).

This case has been tried with a decision of this court in view decided in 1905, entitled, Watt v. Morrow, 19 S. D. 317, 103 N. W. 45.

We consider that this case would be controlling, and that it is good law as well, and illustrates only the general rule.

"When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Sec. 303, Rev. Civ. Code S. D.; Wood on Limitations, 219, and cases cited.

The title thus established can only be divested by adverse possession or by the conveyance by the trustor. Boone v. Chiles, 10 Pet. (U. S.) 117; Ahl v. Johnson, 20 How. (U. S.) 511; Longworth v. Taylor, 1 McLean, (II. S. C.) 395; Miller v. Bear, 3 Paige (N. Y.) Ch. 466; Waters v. Travis, 9 Johns (N. Y.) 450; Boyd v. McLean, 1 Johns Ch. (N. Y.) 583; Dyer v. Dyer (2 Cox 92); Bispham's Principles of Equity, Sec. 80; Dorman

v. Dorman, 187 Ill. 179; Hickson v. Culbert et al., 19 S. D. 207, 102 N. W. 774; Culp v. Price, 77 N. W. 848.

"Intention is an essential element in a resulting trust, although such intention is not expressed by direct words, the law presuming the intent from the facts and circumstances accompanying the transaction, and the payment of the consideration for the whole or a definite or aliquot part of the property sought to be impressed with the trust." Farmers & Traders Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402; Garfield v. Hatmaker, 15 N. Y. 477.

*Loucks & Mather,* for Garnishee Respondent.

The respondent contends that our garnishment law as contained in Chapter 156 of the Laws of 1909, does not apply to the trial of issues of this character, where it is sought to impress real estate with a trust, or to set aside a conveyance of real estate in a summary proceeding of this character, as fraudulent and void as to creditors.

"In the absence of express statutory provisions, a process of garnishment is not available to a creditor seeking to subject real estate of his debtor in the hands of a third person, to the payment of his debt." 20 Cyc. 990, and cases cited.

That a judgment in this case does not constitute a bar as to appellant's further proceedings in a proper action, see Boyle v. Maroney, 5 A. S. R., 657; Boyle v. Maroney, supra; Wade on Attachment, Section 407; Drake on Attachment, Section 465.

"The statutes in the several jurisdictions generally provide for reaching by garnishment, money, goods, rights, credits, effects and property of a debtor in the hands of a third person. The question has quite often arisen to what extent this process may be used for the purpose of reaching a debtor's interest in real estate, the title to which is vested in a third person, and it has universally been held that a debtor's interest in such real estate was neither money, goods, rights, credits, effects, nor even property, and therefore, could not be reached by garnishment served upon the holder of the legal title." Vol. 14, A. & E. Ency. of Law, page 807, and cases cited.

Garnishment is not an action or legal proceeding against the garnishee, but against certain property in the garnishee's hands Altman v. Markley, 61 Minnesota, 404; South v. Mutual Ins. Co., 14 Allen, 336; Danforth v. Beuny, 3 Met. 564.

That the issue of a fraudulent conveyance cannot be litigated in a garnishment proceeding, see Farwell et al. v. Wilmarth, 26 N. W. R. 548; Smith v. Weeks et al. 18 N. W. R. 778; Ripley v. Severance, 17 Am. Dec., 397.

Under no circumstances shall a garnishee, by the operation of a proceeding against him, be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself. Sauer v. Town of Nevadaville, 23 Pac. 87. 87.

As a general rule a garnishee is only liable where the defendant or judgment debtor might have maintained an action against him. Jones v. Langhorne, 34 Pac. 997.

If the above rule be correct, we insist that the appellant has not made a case which would support a decree setting aside the transfer of this property, as fraudulent, as to creditors, as a garnishment proceeding would not lie under the rule established by this court in Jones v. Jones, 108 N. W. R., 23, and Kjolseth v. Kjolseth, 129 N. W. R., 752.

Section 98 of the Civil Code provides: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts."

There is absolutely no evidence in this case, that the principal defendant is insolvent, or did not have property at the time of the rendition of the judgment against him, April 20th, 1911, (Abs. folio 19) or does not now have property sufficient to satisfy the plaintiff's claim and judgment. In fact, the record is silent on this proposition.

WHITING, J. This action was brought to recover the amount due upon a promissory note given plaintiff by defendant Abbott Mather. The plaintiff, acting under the provisions of

Chapter 156, Laws 1909, made Arabella Mather a party to said action as garnishee defendant, claiming that she held certain property which was in fact the property of the principal defendant herein and not exempt from execution in satisfaction of such judgment as plaintiff might recover against such principal defendant. The garnishee denied that she held any property belonging to the principal defendant, and the issue made by such denial was brought on for trial. The court made findings and conclusions in favor of the garnishee defendant upon which a judgment was rendered, and such judgment recited that it was with prejudice against another action. A motion for new trial having been overruled, the plaintiff has appealed from such judgment and order refusing a new trial.

The property in question consists of a quarter section of farm land. It is contended by respondent that under the garnishee law of this state (chapter 156, Laws 1909), above referred to, the question of title to real estate cannot be tested. We find it unnecessary to discuss this contention, and prefer to rest our opinion solely upon the merits of the case. We wish, however, in passing to call attention to the fact that the abstract upon appeal in this case is clearly subject to the same criticisms as the abstract in the cases of State v. Sysinger, 25 S. D. 110, 125 N. W. 879, and State v. McCallum, 23 S. D. 528, 122 N. W. 586. For the reasons stated in those opinions, we would have been justified in disregarding the same. We have, however, taken the trouble to read the evidence in full, though the same is copied as given, questions and answers, without the slightest condensation and without any elimination of immaterial matter.

The land in question stands of record in the name of the garnishee defendant. It is conceded by the appellant that there is no question of fraudulent conveyance involved in this action. The appellant bases its claim solely upon the contention that, under the facts in this case, the garnishee defendant holds the title to the land solely as the trustee for the principal defendant under and by- virtue of a resulting trust.

[1, 2] It appears that the land was entered upon by the principal defendant and patent issued to him by the government in

July, 1888; that prior to the issuance of said patent he had given two mortgages upon said land both running to the same party; that afterwards the second mortgage was foreclosed and title acquired under sheriff's deed by the party holding the first mortgage; that soon after the sheriff's deed issued and upon November 15, 1892, the party holding such deed conveyed said land by quitclaim deed to the garnishee defendant; that in payment for said land notes secured by a first and second mortgage thereon were given and the balance of the purchase price paid in cash. It further appears that at all times from the original entry upon said land and during several years after the taking of the said quitclaim deed by the garnishee defendant these two defendants, who were husband and wife, resided upon said land and the same was their homestead; but that a few years prior to this action they had moved from said land and were residing in Hetland, S. D. The title to said land under said quitclaim deed stood of record in the name of said garnishee defendant for some 15 years prior to the giving of the note upon which judgment was recovered against principal defendant.

As before noted, appellant makes no claim nor is there any evidence whatsoever that would support any claim of fraudulent transfer. If the foreclosure was permitted for the purpose of getting title into the wife's name, it does not appear that there were any creditors that could have been injured thereby, even if said premises had not been the homestead of these parties. There is neither any claim, nor any evidence to show, that the plaintiff in any manner whatsoever relied upon this land when giving credit to the principal defendant. The contention is purely and simply that the garnishee defendant held the land under and by virtue of a resulting trust. That being true, in order for the appellant to be entitled to succeed, it would be necessary for the facts to be such that the principal defendant could have recovered in an action wherein he was seeking to quiet title as against the garnishee defendant. From the evidence it fairly appears that the husband, having lost the land in question under the mortgage that had been given, was making no attempt at repurchase, and that his wife desired to repurchase the land, believing that she was pos-

sessed of greater business ability.  She agreed with her husband
that the title should be taken in her name.  It would appear that
the cash paid was in part money which the wife had received as
a result of keeping boarders; the rest being the proceeds of crops
raised upon this and other lands.  It further appears that while
these parties were living upon this land the same was worked
and farmed by the principal defendant as though it were his own;
there being nothing to indicate but that it was his land save the
one fact that the title stood of record in his wife's name.  If the
question before this court related to the ownership of the crops
grown upon said premises or of the proceeds therefrom during the
years the crops were produced by the principal defendant, a
serious question might be presented as to whether or not same did
not belong exclusively to the principal defendant; but we are un-
able to discover anything upon which we would be justified
in holding that the wife held title to this land as trustee for her
husband.  It is true that under the statute of this state a result-
ing trust is presumed to result in favor of the person paying
for land whenever title to such land is taken in the name of a
third person.  This rule is based upon the presumption that the title
is so taken for the benefit of the other party, and that the parties
so intend.  The question of intention is always open for proof,
and, while the mere fact of such a transaction, where the parties
are in no way related to one another, would create a strong pre-
sumption of an intended trust and strong evidence might be nec-
essary to destroy such presumption, no such strong presumption
arises in a case such as this where the parties are husband and
wife.  Even if it had been shown herein that the husband furnished
all the purchase money, it should, after the passing of 15 years,
take clear and convincing testimony to establish a resulting trust
in his favor as the lapse of time would weaken the statutory pre-
sumption.  We believe that much that was said by this court in
case of Clark v. Else, 21 S. D. 112, 110 N. W. 88, is applicable to
the facts of this case.  One thing is clear under this testimony,
that, eliminating all questions of homestead, this land has at all
times been subject to the debts of the garnishee defendant, and,

as against said garnishee or her creditors, under the facts as established in this case, the principal defendant could have made no claim to the land.

The judgment and order of the trial court are affirmed.

HANEY, J., not sitting.