SCHMIDT et al., Appellants, v. SCANLAN et al., Respondents.

(144 N. W. 128.)

1. **Appeal—Admission of Evidence—Harmless Error.**
   Error, if any, in admitting evidence, is harmless, where, on trial to the court, the findings are sustained by other clear, plain, and convincing testimony.

2. **Admission of Evidence—Presumptions as to Elimination of Improper Evidence.**
   The Supreme Court will presume that trial court eliminated from consideration, on making its findings, all incompetent and improper evidence.

3. **Witnesses—Evidence of Bank Custom—Qualification of Witness.**
   A bank cashier, having knowledge of the previous methods of bookkeeping, etc., in the bank, through his subsequent position of cashier therein and from his consequent familiarity

with the bank records, was competent to testify as to customs of previous employees, and as to certain entries made in the bank books on the purchase of certain drafts, and as to who, according to such entries, purchased them, such transaction having occurred a few days before he became cashier, and the entries in question showing that the person referred to by witness was the purchaser.

4. **Evidence—Resulting Trust—Title to Realty—Deceased Trustee.**
In a suit to quiet title, in which defendant counterclaimed to establish an interest, through a resulting purchase-money trust, in the land, which was purchased in name of plaintiff's intestate, evidence that defendant purchased the drafts received by intestate's grantor in payment of the land was admissible.

5. **Book Entries—Regular Course of Business—Purchase of Draft.**
Entries made in bank books by the cashier, in regular course of business, showing that a certain person purchased drafts at that bank, were admissible in evidence, as showing their purchase by that person.

6. **Evidence—Resulting Trust—Parol Evidence—Deceased Grantee's Statements—Sufficiency of Evidence—Convincing Proof.**
Where the evidence in support of a finding that a resulting trust in realty existed, consisted largely of statements made by a decedent who was grantee in the deed under which defendant claimed an interest under the trust, to friends and to persons with whom she had dealings, which statements related either to all lots in controversy, or to some admittedly purchased at the same time and conveyed to decedent by the same deed, there being on adverse evidence except the deed itself, and these proofs being clear, satisfactory, and convincing, **held**, the finding will not be set aside on appeal.

(Opinion field December 5, 1913.)

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by Philip W. Schmidt, by his guardian, Henry M. Schmidt, and others, against P. W. Scanlan and another, to quiet title to realty. From a judgment for defendant Scanlan, and from an order denying a new trial, plaintiffs appeal. Affirmed

*E. H. Wilson,* and *Charles P. Bates,* for Appellants.

Every element essential to the existence or creation of a resulting trust in any given case must be clearly shown, and in order to establish a resulting trust by parol evidence, the proof must be clear, definite, unequivocal, and convincing.. Sing You v. Wong Free Lee, 16 S. D. 388; Kjolseth v. Kjolseth, 27 S. D. 80;

Howland v. Blake, 97 U. S. 624; Barker v. Snyder 31 N. J. Eq. 169.

Parol testimony of the declarations of a deceased person, in whose name the title to certain real estate stood, that another person was jointly interested with him in the purchase or had an interest in the land, is not sufficient to establish a resulting trust without additional proof that such person paid the whole or some aliquot part of the purchase money. Davis v. Green, 11 L. R. A. 90 (Mo.); Neill v. Kees, 51 Am. Dec. 746 (Tex.)

*Muller & Conway,* and *P. W. Scanlan,* for Respondents.

The testimony of the bank cashier was competent; Jones on Evidence Sec. 568, 319; Jones on Evidence Sec. 518; Lewis v. England, 32 Pac. 869, 2 L. A. R. (ns) 401.

The oral evidence in this record sustains the decision below as to existence of a resulting trust. Floyd v. Duffy (69 S-E 993, 33 L. A. R. (ns) 883; Sutton v. Whetstone, 21 S. D., 341, 112 N-W 850; You v. Lee et al., (16 S. D., 388, 92 N-W 1073.)

WHITING, P. J. One Maggie G. Schmidt, a resident of Salem, S. D., died while holding the record title to certain lots situate in such city. She left three children, her sole heirs. This acton was brought by two of these children, as such heirs, and by one of these two, as administrator of the estate of deceased, against the defendant Scanlan, to quiet title in and to the said lots. The sister was joined as defendant—she refusing to unite as plaintiff—she made no appearance herein. The defendant Scanlan answered, admitting that he claimed an interest in said lots, and alleged, by way of counterclaim, that he was the owner of an undivided one-half interest therein, claiming that the deceased held the legal title to such undivided half interest as the trustee of a resulting trust whereof he was the beneficiary. Trial was had to the court without a jury; findings of fact and conclusions of law were rendered in favor of Scanlan; judgment was entered in accordance with such findings and conclusions; motion for a new trial was denied; and plaintiffs appealed from such judgment and order denying a new trial.

[1, 2] Appellants assign as error the rulings of the trial court in admitting in evidence over their objections, an inventory filed by appellant administrator in the course of the administration of the estate of deceased, and also certain conversations relating to

such inventory, which conversations respondent claimed to have held with such administrator.  This evidence was objected to upon the ground that it did not tend to show any resulting trust in favor of the defendant, and further because it was not binding upon the other plaintiff.  Whether either of these objections were good, we need not determine, because, even rejecting all of such evidence, the court's findings would still be sustained by what seems to us to be clear, plain, and convincing testimony; and we must presume the trial court eliminated from its consideration, when reaching its findings, all incompetent and improper evidence. Squier v. Mitchell,, 143 N. W. 277.

[3] Appellants assign as error the rulings of the trial court in admitting in evidence the testimony of a bank cashier in relation to certain entries in the books of such bank. The grantor in the deed conveying the lands in question to Maggie G. Schmidt had identifed certain checks and drafts received by him in payment for said lands. Respondent sought, through this bank cashier, to show that he purchased the two drafts at such bank. After testifying that the party who was assistant cashier of the bank at the time of this transaction and who made the book entries relating to these drafts, had since died, and to the further fact that he himself became cashier of such bank upon a date a few days later than this transaction, the witness was allowed to testify as to the custom of the bank, in regard to the entries that would be made upon the purchase of a draft, at the time these drafts were purchased. Over objection he testified that the custom at that time was the same as at the time of the trial, and then testified as to certain entries made in connection with these two drafts, and as to who, according to such entries, was the purchaser of such drafts. His evidence showed Scanlan to have been the purchaser of such drafts. Witness had been such cashier for several years when called as a witness herein. Certainly his knowledge of the previous methods employed in such bank, as such knowledge would be gained from his position and consequent familiarity with the records of his bank qualified him to testify as to the custom of previous employes of such bank in the entry of bank transactions in the books of that bank, and to testify as to the import of such entries.

[4-5] The ultimate fact sought to be proven—that Scanlan purchased the drafts—was very material.  Appellants have cited no

authority in support of their contention that this evidence was incompetent. The entries themselves are clearly admissible. Wigmore on Evidence, §1521. We can see no error in allowing the witness to testify to their import, furthermore it clearly appears that any person would have arrived at the same concluson from the entries; the evidence revealing as it did that Scanlan's name was entered in such books as the purchaser of the drafts.

[6] The only assignments really discussed by appellants in their brief are those raising the question of the sufficiency of the evidence to establish a resulting trust. They contend that such evidence is insufficient under the rule. adopted by this court, namely, that in order to establish a resulting trust by parol evidence, the proof must be clear, satisfactory and convincing. Sing You v. Wong Free Lee, 16 S. D. 383, 92 N. W. 1073; Kjolseth v. Kjolseth, 27 S. D. 80, 129 N. W. 752. The grantee in the deed in question was dead, and a statute of this state (section 486, C. C. P.) forbids respondent testifying as to this transaction. The proof offered was, in its nature, the best the circumstances thus surrounding the case offered, and consisted largely of statements made by deceased to friends and to persons with whom she had dealings, which statements related either to all the lots covered by her deed, or to lots admittedly purchased at the same time, and conveyed to deceased by the same deed as the lots in question. While there was no witness whose testimony, standing alone and unsupported, would be sufficient to establish the existence of the trust claimed, yet the testimony of all the witneses, when considered together—there being nothing in any manner conflicting therewith, except the naming of the deceased as the sole grantee in the deed—clearly, satisfactorily, and to our minds convincingly establishes that deceased and respondent purchased these lands, each furnishing one-half of the consideration therefor, that they owned each an undivided one-half interest therein at all times after such purchase until the death of the deceased, and that respondent still continues to own and be possessed of such undivided half interest. A review of the evidence in detail could not possibly serve any useful purpose, and will not be attempted.

The judgment and order appealed from are affirmed.