MATEJKA, Respondent, v. REIDER, Appellant.

(252 N. W. 878.)

(File No. 7617.   Opinion filed February 23, 1934.)

*W. J. Hooper,* of Gregory, for Appellant.
*Charles A. Davis,* of Burke, for Responden.

CAMPBELL, J. Gustav Reider died intestate in Gregory county, S. D., in November, 1930, leaving as his sole heirs at law his widow, Mary Reider, the defendant, and some children by a former marriage. Plaintiff, the duly appointed, qualified, and acting administrator of decedent's estate, instituted the present action against defendant to recover possession of certain personal property owned by decedent in his lifetime, consisting of unpaid and registered warrants issued by various public corporations and indorsed in blank by the sundry payees thereof, aggregating in face value, including accrued interest, a little over $3,000. The warrants were admittedly in possession of defendant after the death of decedent and it was her contention that they had been given her by decedent as a donatio causa mortis. Findings, conclusions, and judgment below were in favor of plaintiff administrator, and from the judgment and a denial of her motion for a new trial defendant now appeals.

Error is predicated on the introduction of certain testimony over objection, appellant urging that the testimony was incompetent. The testimony referred to, even if incompetent, was not vital or controlling and the situation is not such as to leave it doubtful whether the trial court would have reached the same result if such testimony had been excluded. Cf. Williamson v. Voedisch Jewelry Co. (1915) 35 S. D. 390, 152 N. W. 508. So the case having been tried to the court without a jury, it will be presumed that the court disregarded the evidence, if incompetent (Mahoney v. Sherman (1931) 58 S. D. 158, 235 N. W. 518; Warren v. Lincoln (1931) 58 S. D. 196, 235 N. W. 597; Colomb v. First Nat. Bank (1926) 50 S. D. 69, 208 N. W. 404; City of Wessington Springs v. Smith (1929) 54 S. D. 515, 223 N. W. 723; Svang v. Clutterbuck (1932) 59 S. D. 398, 240 N. W. 339), and we need not undertake to determine the competency thereof.

The real issue between the parties on this appeal is with rela-

tion to the propriety of the trial court's finding No. 7, which was as follows:

"That the said warrants were not delivered by the said Gustav Reider, either personally, or by any authorized agent of said Gustav Reider to the said Mary Reider with the purpose or intent of transferring the same to the said Mary Reider as her absolute property, but the said Gustav Reider was the owner of said warrants at the time of his death."

The essentials to constitute a valid gift causa mortis are set out in our Code, §§ 561-568, R. C. 1919, and have had the consideration of this court in Steffen v. Davis (1927) 52 S. D. 283, 217 N. W. 221.

The rule is concisely stated in 28 C. J. p. 703 that one who claims to hold property by gift causa mortis has the burden of proving the fact of the gift. See, also, Phinn v. Glover (Sup. Ct. Ont. 1922) 63 Dom. Law Rep. 523; People's Savings Bank v. Look (1893) 95 Mich. 7, 54 N. W. 629; Foley, Adm'x, v. Coan (1930) 272 Mass. 207, 172 N. E. 74 ,75, in which latter case the court said:

"The burden of proof here was on the accountant. Rockwood v. Wiggin, 16 Gray, 402, 403. That burden is heavier than in the case of a simple gift inter vivos, because it is the general policy of our legislation that disposition of property in expectation of death and to become irrevocable only in the event of death shall be by will, surrounded by the safeguards of written statement, signature, and the presence of attesting witnesses, most or all of which are lacking, ordinarily, in the case of a donatio mortis causa. The proof must be convincing, though it need not reach the certainty required in criminal proceedings. McKenna v. McKenna, 260 Mass. 481, 157 N. E. 517."

For appellant to prevail in this case it would be necessary for the court affirmatively to find in her favor the existence of all facts essential to the establishment of a valid gift causa mortis. The finding previously quoted amounts, in substance, to a finding that appellant has failed to sustain the burden of proving by clear and convincing evidence a valid gift causa mortis and such finding should not be disturbed unless it appears from the record before us that the appellant, who has the burden of proof on this point, has established the existence of a complete and valid

gift causa mortis by such a clear preponderance of the evidence that it was unreasonable for the trial judge to fail affirmatively so to find. Cf. Edge v. City of Pierre (1931) 59 S. D. 193, 239 N. W. 191.

We have examined the testimony with care and to undertake to recite it here would not be profitable. The learned trial judge heard and saw the witnesses and all presumptions are in favor of his finding. We do not believe we can say, upon the record before us, that the clear preponderance of the evidence is against the finding of the trial court, or that appellant established a valid and executed gift causa mortis by such clear and convincing evidence that it was unreasonable for the trial court to fail to find that such gift was made. Further than that, it is not the province of this court to go, in relation to the facts, and it follows that the judgment and order appealed from must be and they are affrmed.

All the Judges concur.