MEDIN, Respondent, v. BROOKFIELD, et al, Appellants

(281 N. W. 97.)

(File No. 8107. Opinion filed August 10, 1938.)

210

*Danforth & Davenport*, of Sioux Falls, for Appellants.

*Odean Haried* and *Jones, Matthews & Fitzpatrick*, all of Sioux Falls, for Respondent.

ROBERTS, P. J. Plaintiff, executor of the last will and testament of Charles Rosengren, deceased, commenced this action in the circuit court of Minnehaha County to foreclose a real estate mortgage. Admitting execution and delivery of the note and mortgage, defendants in their answer affirmatively allege that decedent "in consideration of the defendants having paid interest on said note and mortgage for many years made a gift to the defendants herein of any unpaid amount that might be due on said note and mortgage at the time of his death and in execution of said gift

executed and delivered a satisfaction in writing, duly acknow-
ledged, to these defendants, and that said satisfaction was duly filed
for record." Findings and conclusions were made and entered in
favor of the plaintiff and from the judgment decreeing a fore-
closure of the mortgage and from an order overruling a motion
for new trial defendants appeal. The principal contention on the
part of the defendants is that the evidence is insufficient to support
the findings of fact made by the court.

On March 28, 1920, the defendants purchased under a written
contract a house and lot in the city of Sioux Falls from Charles
Rosengren for which they agreed to pay $3,500. Title was con-
veyed on March 15, 1924, and defendants executed and delivered
their promissory note for $1,300, payable on April 15, 1929, and
secured by a mortgage on the premises. When the principal be-
came due and payable, an agreement was made extending the time
of payment to April 15, 1934. Defendant, Esther R. Brookfield, in
an application filed on November 1, 1934, with the Home Owners
Loan Corporation for a loan stated that decedent desiring to ad-
just his business affairs by reason of advanced years and poor
health would not agree to an extension of time of payment. On
November 3, 1934, Charles Rosengren executed a consent to accept
Home Owners Loan Corporation bonds in payment of the indebt-
edness. It also appears from the evidence that the decedent was in
a hospital for a time during the fall of 1934 and that after leaving
the hospital on November 8, 1934, he resided in the home of the
defendants until April, 1935. It was during this time that deced-
ent signed and acknowledged before a notary public a satisfaction
of the mortgage. A witness for the defendants referring to the
satisfaction testified: "I drew that exhibit. I saw Charles Rosen-
gren whose name appears thereon sign it. He did sign it in my
presence and I took his acknowledgement. When it was executed,
it was explained to him what it was. After he signed it I went
to hand it to him after I had taken the acknowledgment and put
on my seal. Mr. Brookfield was in the same room and he motioned
to me to hand it to Mr. Brookfield, and I gave it to Mr. Brookfield
in his presence, by virtue of his suggested motion. That was on
the 4th of December. Mr. Brookfield came to see me to get me
out to the Brookfield house. I think he furnished me with the in-
formation or data upon which to prepare the instrument. I think

he had the mortgage with him and I drew the satisfaction, and then went up to his house for the acknowledgment." It further appears that a few days later the consent of decedent to accept bonds and certain other papers which had been submitted to the Home Owners Loan Corporation were withdrawn by defendants, and no further effort was made to complete the loan. A few hours after the death of Charles Rosengren on July 9, 1935, the satisfaction of the mortgage was filed for record. From this evidence the court found that while the application to the Home Owners Loan Corporation "was still pending and obviously to further assist the defendants in securing the loan which had been applied for Charles Rosengren executed and delivered to the defendants a satisfaction of the note and mortgage * * *; that no consideration was paid for said satisfaction and the relations between the defendants, Brookfields, and the said Charles Rosengren were not such as to support a belief that Rosengren intended to made the defendants, Brookfields, a gift of the indebtedness represented by this note and mortgage"; and that "there is no evidence to support the plea that Charles Rosengren by the execution of the satisfaction herein described intended to make the defendants, Brookfields. a gift of the note and mortgage held by him, and the defendants had made no claim that said Charles Rosengren had made them a gift of the said note and mortgage until after the death of said Charles Rosengren."

 Counsel contend that when the execution and delivery of the satisfaction was established the burden was then upon the plaintiff to show that an extinguishment of the debt and mortgage was not intended and that plaintiff did not meet the burden of proof imposed upon him. The cancellation of a mortgage on the record is not conclusive as to its discharge or as to the payment of the indebtedness secured thereby. Madson v. Ballou, 63 S. D. 501, 260 N. W. 831. The rights of third parties are not involved, and the effect of the execution and delivery of the satisfaction is dependent upon the agreement and intention of the parties. While the rule contended for by counsel is correct, yet, as we view the authorities, it is inapplicable to the instant case. In Fleming v. Parry, 24 Pa. 47, referring to the words used in a satisfaction expressly acknowledging payment, the court said: "Prima facie they would indeed import extinguishment of the debt as well as the

mortgage, and the burden of showing they were not so intended was on the creditor." See also 'Chappell v. Allen, 38 Mo. 213; Jones on Mortgages, 8th ed. § 1262. True, the satisfaction contains an express acknowledgment of payment, but defendants admit that the satisfaction was not made upon consideration. The presumption arising from the acknowledgment of payment clearly can have no application, and we need not consider the contention that the evidence introduced by the plaintiff was not of such a convincing character as properly to have persuaded the trial court that the presumption referred to was rebutted.

It is significant that the note and mortgage were neither cancelled nor surrendered but were retained by decedent during his lifetime, and that during the interval of several months between the time of the alleged gift of the mortgage debt and the death of donor defendants made no claim of a gift. It is a general rule that when a claim of a gift is not asserted until after the death of the alleged donor the evidence must be clear and convincing of every element requisite to constitute a gift. 28 C. J. 681; Whalen v. Milholland, 89 Md. 199, 43 A. 45, 44 L. R. A. 208; McNabb v. Fisher, 38 Ariz. 288, 299 P. 679; Fouts v. Nance, 55 Okl. 266, 155 P. 610, L. R. A. 1916E, 283; Myers v. Tschiffely, 64 App. D. C. 17, 73 F. 2d 657; cf. Matejka v. Reider, 62 S. D. 335, 252 N. W. 878. The court in the case of Whalen v. Milholland, supra, states the following reason for the rule: "Mindful of the facility with which, after the alleged donor is dead, fraudulent claims of ownership may be founded on pretended gifts of his property asserted to have been made while he was living, it is but a salutary precaution which demands explicit and convincing evidence of every element needed to constitute a valid donation, whether it be a donation inter vivos or mortis causa. Even then fraudulent claims may prevail, but the rigid requirement of the clearest proof will at least diminish the number."

Whether the evidence in a given case is clear and convincing is a question in the first instance to be determined by the trial court, and its conclusion is not to be disturbed by this court unless it can be said after an examination of the entire record and all circumstances surrounding the transaction as therein disclosed that the clear preponderance of the evidence is against the findings of the trial court, or that defendants established a gift

by such clear and convincing evidence that it was unreasonable for the trial court to fail affirmatively to so find. See Matejka v. Reider, supra. The claim of defendants is inconsistent with the course of conduct on the part of the parties concerned, and under all the facts and circumstances we cannot say that the findings are not sustained by the evidence.

We have carefully examined the other contentions of defendants as to the admission of testimony, and find the court did not err in its rulings in reference thereto.

The judgment and order appealed from are affirmed.

All the Judges concur.