JONES, et al, Appellants, v. JONES, et al, Respondents

(291 N. W. 579.)

(File No. 8288. Opinion filed April 17, 1940.)

Rehearing Denied May 28, 1940.

**J. C. Mundt,** of Sioux Falls, and **Alan Bogue,** of Parker, for Appellants.

**Boyce, Warren & Fairbank** and **Jones, Matthews & Fitzpatrick,** all of Sioux Falls, for Respondents.

RUDOLPH, J. The plaintiffs brought this action for the purpose of having certain real estate and personal property now in the hands of Enos G. Jones as administrator of the estate of E. O. Jones, deceased, impressed with the trust in favor of the plaintiff, Lova L. Jones. Judgment was entered for defendants and plaintiffs have appealed.

The Jones family consisted of William J. Jones, the plaintiff, his wife, Susan R. Jones, and four children, namely, E. O. Jones, E. A. D. Jones, Frank W. Jones and Lova L. Jones. William J. Jones had been successful in accumulating a considerable amount of real and personal property and, commencing about 1909, he started distributing this property among his children and grandchildren. In 1909 certain lands were conveyed by William J. and his wife to Donald Hugh Jones, the only child of E. A. D. Jones, now deceased. In 1913 another piece of land was conveyed to the said Donald Hugh Jones, and in 1913 William J. Jones conveyed certain lands in Minnehaha County to Enos G. Jones, the only child of E. O. Jones, now deceased. In 1914 the said William J. Jones conveyed to Lova L. Jones a certain quarter section of land located in Minnehaha County, and in 1921, there was conveyed to "E. O. Jones, trustee" certain lands in Minnehaha County "with directions that Frank W. Jones receive the life use and benefit thereof, and the remainder equally among his four children." In 1913 there was conveyed to E. O. Jones by William J. Jones certain land in Minnehaha County, and it is with regard to a part of this land that plaintiffs allege a trust exists in favor of Lova L. Jones.

 Before considering the evidence and the questions presented upon the merits of the case, we deem it best to consider a question regarding a ruling of the trial court upon certain evidence offered by the plaintiffs. This offered evidence consisted of alleged conversations had by Frank W. Jones, and E. O. Jones, now deceased. Frank W. Jones is made a defendant herein because he refused to join as a plaintiff, and, at least as to the alleged trust in the personal property now in the hands of the administrator of the estate of E. O. Jones, Frank W. Jones would be beneficially interested except for a certain agreement he made with the administrator wherein he released "any and all claims I have or may have" against E. O. Jones, the estate of E. O. Jones, deceased, or E. G. Jones. By this offered testimony of Frank W. Jones, it was sought to show that in certain conversations E. O. Jones had stated that he held this property as a trustee for the benefit of the other children of William J. Jones. The trial court held this testimony inadmissible under Section 2717, R. C. 1919. Under the construction placed upon this statute in the cases of Jones v. Subera et al., 25 S. D. 223, 126 N. W. 253, and Smith v. Gable, 56 S. D. 604, 230 N. W. 28, the ruling of the trial court was correct. However, it is appellants' contention that this court has more or less receded from the ruling announced in the prior cases, and that, under the rule adopted in the case of Reinschmidt v. Hirsch, 65 S. D. 498, 275 N. W. 356, 357, the testimony was admissible. We do not agree with this contention. That was an action brought against Margaret Hirsch by her creditors seeking to have the conveyance of certain real property made by her declared fraudulent. As pointed out in that case that was not an action in which a judgment might be rendered "against executors, administrators, heirs at law or next of kin in which judgment may be rendered * * * against them" as such. Such is not true of the present action. Here a judgment is sought directly against the administrator of the estate of E. O. Jones, deceased. We are further of the opinion that the portion of the statute which makes incompetent as a witness an interested party, his assignor, or "any person who has

or ever had any interest in the subject of the action," rendered the offered witness incompetent even though the witness had surrendered all interest by signing the agreement above referred to.

The basis of appellants' claim is found in paragraph 3 of the complaint, wherein it is alleged: "That on or about the 3rd day'of March, 1913, the said William J. Jones being of the age of 74 years and being in very poor health at that time and feeling that because of his advancing years and poor health that he could not look after his property and that he would not live until he was able to distribute all of his property in such a manner that each of his children should receive the same amount, both of realty and personal property, and his son, E. O. Jones, being a lawyer in the active practice of his profession at Sioux Falls, South Dakota, at that time, and having theretofore advised with him in business afffairs and in fact had transacted business for him and having great confidence in his integrity and legal ability, he entered into an oral agreement with him whereby the said William J. Jones agreed to turn over and did turn over to his son, E. O. Jones, all the remainder of his property, both real and personal, some property having theretofore been turned over to said E. O. Jones, as more particularly appears hereinafter, and the said E. O. Jones took possession thereof and was instructed to take into consideration all of the property which the said William J. Jones had transferred to said children in connection with what the said William J. Jones had theretofore and then was transferring to him in trust, and was to distribute said property then'already in his name and thereafter transferred to him so that each of said children would receive an equal amount, to-wit, a one-fourth of said property. That the said E. O. Jones agreed with his said father that he would accept said trust and take possession of the said property which was transferred to him in trust for all of the children of his said father and that he would care for said property faithfully, and look after it, pay the taxes thereon, and divide the balance in a reasonable time in such a manner so that each of said children would receive a one-fourth of said

property, taking into consideration in said distribution the property that the said William J. Jones had theretofore transferred to the said E. O. Jones and the other children, and all advancements so made to them by their said father, and the said E. O. Jones entered upon and performed said trust in part as hereinafter alleged."

For the purpose of this opinion we will ignore the fact, insofar as it relates to the defense of laches or limitations, that appellants allege and contend, as above set out, that E. O. Jones was to divide the property and especially that he was to deed certain property to Lova L. Jones, as alleged in paragraph 4 of the complaint, all within a "reasonable time" after he received it; yet appellants have permitted more than twenty years to elapse, and it is only after the death of E. O. Jones that the claim is asserted or an action commenced.

██ We consider first the contention of appellants that under the rule announced in the case of Jaeger v. Sechser et al., 65 S. D. 38, 270 N. W. 531, a constructive trust or a trust by operation of law has been established. The rule in this state is that such a trust must be established by clear, satisfactory and convincing evidence. Sin You v. Wong Free Lee, (1902) 16 S. D. 383, 92 N. W. 1073; Hickson v. Culbert, (1905) 19 S. D. 207, 102 N. W. 774; Kjolseth v. Kjolseth, (1911) 27 S. D. 80, 129 N. W. 752; First Nat. Bank v. Mather, (1912) 29 S.D. 555, 137 N.W. 51; Schmidt v. Scanlan, (1913) 32 S. D. 608, 144 N. W. 128; Cottonwood County Bank v. Case, (1910) 25 S. D. 77, 125 N. W. 298. This rule means that the determination of whether the evidence is clear, satisfactory and convincing is a question in the first instance for the trial court, and after the trial court has found adversely to the existence of a constructive trust, this court will not disturb that finding unless such trust has been established "by such clear and convincing evidence that it was unreasonable for the trial court to fail affirmatively to so find." Medin v. Brookfield, 66 S. D. 209, 281 N. W. 97, 99.

██ The trial court found: "That William J. Jones in transferring the property to E. O. Jones described in finding

of fact No. Second herein or any property never relied upon any promises by or agreement of E. O. Jones of the nature, terms and conditions alleged in plaintiffs' complaint herein, or any promise or agreement by which L. L. Jones or W. J. Jones were to have or retain any beneficial interest in such property." We are convinced for the reasons hereinafter given that, under the rule above announced, this court should not disturb this finding. It becomes unnecessary therefore for us to consider whether the evidence establishes a confidential relationship existing between E. O. and his father, William J. Jones, because even conceding the confidential relationship to exist, this in itself does not establish a trust. There must be coupled with a confidential relationship the promise to reconvey the property before a trust arises by operation of law, and the trial court has found adversely to the existence of any such promise.

William J. Jones who was nearly one hundred years old at the time of the trial, was unable to testify because of physical and mental infirmities. E. O. Jones was dead. There is no direct evidence therefore of any promise or agreement by E. O. Jones unless it be a letter to which we will refer. The evidence upon which appellants must principally rely to overturn the finding of the trial court is the evidence of the witness Josephine Christopherson and the letter to which reference has been made. Mrs. Christopherson testified that about five years before the trial, E. O. Jones told her that his father had turned over to him the business management of his property under written instructions. The record is silent upon what the instructions were, if any, or what property Mr. Jones had referred to. The testimony goes only to the extent that E. O. Jones was managing his father's property. It is quite obvious that, even if the trial court saw fit to give to this testimony its strongest effect in favor of the plaintiffs' claim, which of course, he was not compelled to do, it would have little, if any, probative effect in proving that, when this certain land and property was deeded to E. O. Jones by his father, he promised his father he would divide it equally among his brothers and sister within a reasonable time. The letter upon which appellants

so strongly rely was written by E. O. to Lova in 1914, and is as follows: "In arranging the distribution of the family estate I can guarantee that you will receive the homestead at Brandon and the west half of the tree claim at Corson, free of incumbrance, and such amount of the personal assets as will, with your advancement equal the advancement and cash received by each of your brothers and children conditioned upon your making a contract with me as trustee, to pay the sum of $400.00 per year toward mother's support, so long as she may live, and secure said payments by a real estate mortgage on the above described property. The surplus of said fund to be divided equally between the children. Each of the boys must make a similar arrangement. E. O. Jones." In response to this letter, Lova replied: "I accept your contract concerning division of the property of the estate as therein stated." However, it appears very definitely from the evidence that the conditions of the letter were never accepted or complied with. Lova did not pay $400 per year to the support of her father and mother, and from all that appears in the evidence no mention was ever made of this proposal of E. O. Jones from 1914 until the death of E. O. in 1936. Shortly after this correspondence it does appear from the evidence that Lova was given and accepted a deed to the land described in the letter as "the homestead at Brandon", free and clear of all incumbrance, and without incurring any obligation of support for her father and mother. It might be that one would be justified in concluding from this correspondence that at the time there was some thought that Lova should become the owner of the land therein described as the "tree claim at Corson", but after the lapse of more than twenty years without any attempt on her behalf or on behalf of anyone else to bring this about, and, when it definitely appears that certain conditions attached to her contemplated ownership of this particular land had never been met or complied with, we gravely doubt whether this letter would be any real proof of the agreement for which appellants contend, and it is a certainty that this letter is not such clear, satisfactory and convincing evidence of the alleged agreement that this court should

hold that the finding of the trial court adverse to the agreement was unreasonable. In this connection we have considered Exhibit 27, which was offered in evidence. Sufficient to say is, that standing alone the exhibit is entirely meaningless, and even when considered in the light of all of the other testimony and exhibits, it has no evidentiary value. The most that can be said for the exhibit is that it might form the basis for a conjecture or guess as to the intent of its author.

Having held this letter is not such evidence that it establishes the existence of a constructive trust contrary to the finding of the trial court, it follows without more, we believe, that the letter does not constitute a declaration sufficient to create an express trust. The letter in itself does not purport to create a trust, it is simply a statement or promise by E. O. Jones, which is conditioned upon the performance of certain acts which have not been performed.

The judgment and order appealed from are affirmed.

SMITH, P.J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., not sitting.