STEARNS, Appellant v. HOLMSTROM et al., Respondents

(58 N. W.2d 621)

(File No. 9367. Opinion filed May 27, 1953)
Rehearing denied July 7, 1953

**T. R. Johnson** and **John Carl Mundt,** Sioux Falls, for Plaintiff and Appellant.

**Henry C. Mundt** and **Acie W. Matthews,** Sioux Falls, for Defendant and Agnes Lubeck, Norton Holmstrom and Henry C. Mundt, Garnishee Defendants and Respondents.

PER CURIAM. The issue upon the trial of the above entitled garnishments in aid of execution was whether certain rents, which had been paid to the garnishee defendants R. J. Hobson and the Sioux Valley Bank by the respective tenants of two Sioux Falls residence properties, were owing to the judgment debtor, Sophia Holmstrom. Although the record title to the one property had never been in Sophia Holmstrom, and that of the other property had not been in her name since long prior to the origin of the cause of action upon which the judgment rested, the plaintiff above named sought to establish that both properties were owned, or were held in trust for Sophia Holmstrom and thereby to establish her title to the rents in question. The trial court found that the evidence was insufficient to show that Sophia Holmstrom owned either property at the time the garnishments were served and entered judgment dismissing the proceedings. Thereafter the trial court denied a motion for a new trial. The plaintiff has appealed.

Where findings are adverse to the party having the burden of proof, they cannot be disturbed on appeal unless

it appears from the whole record that the facts essential to his cause of action have been established by such a clear preponderance of the evidence that it was unreasonable for the trier of the fact to fail to find the existence of such facts. Jones v. Jones, 67 S.D. 200, 291 N.W. 579; Medin v. Brookfield, 66 S.D. 209, 281 N.W. 97; and Matejka v. Reider, 62 S.D. 335, 252 N.W. 878. Cf. Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191.

█ The voluminous record has been carefully examined in the light of the argument of able counsel pointing to the facts and circumstances which lend support to plaintiff's theory. However, we have concluded that on the whole record it cannot be said it was unreasonable for the trial court to refuse to find that Sophia Holmstrom was the owner of the residences and rents in question.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

All the Judges concur.