KELLOGG *v.* NORTHRUP.

115    327
134    505

DEEDS—DEFEASIBILITY—PAROL EVIDENCE—BURDEN OF PROOF.
    Although a conveyance absolute in form may be shown by
    parol to be a mortgage, the burden of proof is upon him
    who asserts the defeasible character of the instrument.

Error to Wayne; Carpenter, J.    Submitted November
6, 1897.    Decided December 15, 1897.

*Assumpsit* by Edward P. Kellogg against Beach A.
Northrup to recover the purchase price of real estate.
From a judgment for defendant, plaintiff brings error.
Reversed.

*C. C. Yerkes* (*Haug & Yerkes*, of counsel), for appellant.

*Edwin F. Conely* and *Orla B. Taylor*, for appellee.

GRANT, J.    Declaration in *assumpsit* upon the common counts.    Bill of particulars, balance due on sale of
house and lot December 29, 1891.    Plea, the general
issue.    The defense was that the deed was a mortgage.
The court instructed the jury that the burden of proof
was upon the plaintiff to establish the character of the
deed.    The learned circuit judge was in error.    The *onus
probandi* is upon him who asserts that a written instrument is not what it imports upon its face to be.    A deed
may be shown to be a mortgage.    *McMillan* v. *Bissell*,
63 Mich. 66.    While the court in that case were equally
divided as to the effect of the proofs, all the justices
agreed that a deed absolute upon its face may be shown
to be defeasible by parol upon adequate proof.    Justice
SHERWOOD recognized the rule that in such case the
proofs must be clear and convincing, and said, "Something more than a bare preponderance of proof should be

required to change the character of the instrument expressed upon its face." Chief Justice CAMPBELL stated that that was one of the very few cases where an attempt was made on the part of the grantee to declare the deed defeasible, and said, "It ought not to be done without entirely satisfactory proof." Undoubtedly, either a grantor or a grantee may establish the defeasible character of the instrument. Such suits usually arise in courts of equity, either on the part of the grantor to redeem, or upon the part of the grantee to declare the deed a mortgage, and to foreclose. In either case the *onus* is upon him who seeks to change its character. The same rule applies in courts of law. A preponderance of evidence is sufficient. *Ferris* v. *McQueen*, 94 Mich. 367.

Error is assigned upon the admission of some testimony. We think it was properly admitted. It is not of sufficient importance to the profession to discuss.

Judgment reversed, and new trial ordered.

The other Justices concurred.