COMMERCIAL & SAVINGS BANK, Respondent, v. CASSEM, Appellant.

(145 N. W. 551.)

1. **Principal and Surety—Defenses by Surety—Burden of Proof.**

Where the evidence in behalf of a surety showed that the maker of a note executed a deed and bill of sale in favor of the payee, and the surety offered further evidence that such instruments were made in settlement and payment of the debt, the burden of proof was upon payee to show that the deed and bill of sale were not received as absolute conveyances, but merely as security.

2. **Mortgage—Chattel Mortgage—Absolute Transfer; or Security— Presumptions.**

A deed and a bill of sale, absolute in terms, will be presumed to be absolute conveyances, and one claiming them to be mortgages has the burden of proving that fact by clear and convincing proof.

3. **Instructions—No Exceptions—Law of Case.**

Where there were issues involving conflicting evidence which should have been submitted to jury under instructions, yet, there having been no exceptions of any character taken

to instructions given, the latter constituted the law of the case, and no error can be predicated thereon.

**4.   Mortgage—Payment, Transfer As—Evidence of Value of Property—Materiality—Weight.**

Where a defendant, surety on a  note, plead a discharge of the debt by maker's execution of a deed and bill of sale to payee, which payee claimed were given as security only, held, evidence of the value of the property conveyed was admissible, because, if equal in amount to the debt, it would tend to show discharge thereof, and the question whether the price was adequate was entitled to great weight.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Davison County.  Hon. FRANK B. SMITH, Judge.

Action by the Commercial & Savings Bank against O. E. Cassem, to recover upon a guaranty of a promissory note.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed and remanded.

*Spangler & Haney,* for Appellant.

The guaranty sued upon never became effective, because of a failure on the part of plaintiff to comply with, or fulfill, the conditions upon which defendant signed the same.  Respondent, through its officers, took a deed and bill of sale of all the mortgaged property in payment of the entire indebtedness of the principals on the note guaranteed by appellant, including the payment of the note.

Evidence of the value of this property, this security, was material, for several reasons:  First, Because appellant is entitled to have the security or the value thereof applied on the mortgage debt which he guaranteed;  Second:  Because if appellant is compelled to pay the secured debt which he guaranteed, he is entitled to be subrogated to the security or the value thereof;  Third: Because it tends to show, and is material in determining whether or not it would be sufficient to pay the mortgage debt, and whether or not respondent took said bill of sale and deed as such payment.  Deering Co. v. Russell 65 N. W. 601.

*A. E. Hitchcock,* for Respondent.

Where no exception is taken to an instruction it must be regarded as the law of the case.  Wheaton v. Insurance Co., 104 N. W. 850, 33 S. D.; McCabe v. Desnoyers, 20 S. D. 581; Jones v. Chicago, M. & St. P. Ry. Co., 128 N. W. 323, S. D.

Under the theory of the case as presented by the learned trial court in its instructions, testimony as to value of the conveyed property would not tend to prove any material question, and was properly excluded.

As to whether the trial court erred in not submitting certain questions to the jury. Insomuch as defendant did not request any instructions, this question cannot be raised on appeal. Garrigan v. Kennedy, 19 S. D. 11; Belknap v. Belknap, 20 S. D. 482.

McCOY, J. It appears from the record that Wayne & Hilliard, executed and delivered to respondent their certain promissory note for $2,000 for borrowed money, that before respondent would make said loan and accept said note it required Wayne & Hilliard to secure a personal guaranty of the payment, and that in pursuance thereof appellant executed and signed the following guaranty indorsed upon the back of said note: "For value received, I hereby guarantee the payment of the within note, and consent to any extension of time of payment or any renewals of this note, and waive demand, protest, and nonpayment thereof." Respondent, claiming that the makers of said note have wholly failed to pay the same, or any part thereof, after demand, brought this suit to recover from appellant the amount of principal and interest due on said note under said written contract of guaranty. Appellant contends that, at the time of the transaction of the giving of said note, and the signing of said guaranty, it was agreed between respondent, said Wayne & Hilliard, and appellant, as a part of said transaction, that respondent should take from said makers of said $2,000 note mortgages upon certain real and personal property, owned by said makers of said note, securing the payment thereof, and which real and personal property so agreed to be mortgaged was more than sufficient to satisfy said note, and that respondent failed and neglected to take said mortgages securing said note, and that appellant, after discovering such failure, demanded that respondent secure such mortgages, or release him from said guaranty. On the other hand, respondent claims that, at the time said $2,000 note was given, said Wayne & Hilliard were also indebted to respondent in the sum of $3,000, evidenced by a promissory note, and that the agreement was, between the makers of said notes, appellant and respondent,

that mortgages should be taken upon the real and personal pro-
perty of the said makers of said notes securing both notes, and
that mortgages were so taken by and with the consent of appel-
lant, in the name of one Morrow, vice president of respondent,
as trustee for the owner of said notes; while appellant contends
that, at the time he executed the guaranty of payment of the
$2,000 note, he knew nothing of the $3,000 note. . After the
failure of Wayne & Hilliard to pay either of said notes, they, by
deed and bill of sale, apparently conveyed the full and complete
title to said real and personal property to Morrow, who now
still holds title and possession of said mortgaged property.   It
is the claim of appellant that the said deed and bill of sale of
said mortgaged property were executed and delivered in full
satisfaction and payment of both said notes, thereby fully satis-
fying and releasing all obligation of appellant under said con-
tract of guaranty; while, on the other hand, respondent, admit-
ting the execution and delivery of said deed and bill of sale,
claims the same were not taken in satisfaction and payment of
said notes, but were taken by and with the consent of appellant
as substitution of securities, and that said Morrow is still hold-
ing said mortgaged property only as security for the payment of
said notes.

[1] At the conclusion of the evidence the court, among other
things, in substance, instructed the jury:  "That there was but
one question for the jury to determine, and upon which their
verdict would depend, and that is whether or not a certain deed
and bill of sale were given and executed in full settlement, and sat-
isfaction, and payment of the two notes, or whether the deed and
bill of·sale were merely taken and understood by the parties to
be, not absolute transfers in satisfaction of the notes and mort-
gages, but merely as security to be held until the notes were paid.
In law a deed or bill of sale which on its face purports to trans-
fer absolute title may be shown to be not an absolute transfer of
title, but may be shown to have been made and delivered for the
purpose of securing a debt.  I think in this case, inasmuch as
the defendant has set this up as a defense, unless he can show
that defense, he is liable upon his guaranty, because a guaranty
carries with it its obligations fixed by law, and it does not make
any difference whether he gets a dollar out of it or not, when he

puts his name upon a note he is responsible for it.    So the burden is upon him to show that by some transaction he has been released from payment, and in order to show that in this case, he says that the notes were settled and paid by the transfer of this property in this deed and bill of sale.   I think the burden of proof is upon him to show that that was the fact by a fair preponderance of the evidence.   If the evidence on the part of defendant shows by a fair preponderance of it that this deed and bill of sale were taken with the understanding and for the purpose of settling this claim and paying these notes, wiping out the debt, then the plaintiff cannot recover, and your verdict should be for defendant.   If, upon the other hand, the evidence fails to show that, by a fair preponderance of it, then I think the plaintiff should recover."

We are of the view that the latter part of this instruction, which cast upon defendant the burden of showing that said deed and bill of sale were transfers of absolute title, was erroneous and highly prejudicial to defendant. When defendant had offered in evidence the deed and bill of sale purporting to convey absolute title, and had produced as a witness one of the grantors of said deed and bill of sale, who testified and said instruments were executed and delivered by him in settlement of the notes and mortgages, which deed and bill of sale settled the transaction so far as the mortgagors were concerned, this made out and constituted a strong and complete prima facie defense in favor of defendant, and the burden of proof, on this issue, then shifted to plaintiff to show by clear and convincing proof that said instruments were not in fact absolute transfers of title.

[2] The presumption of law is that instruments of this character, absolute in form, are what they purport, on their faces, to be.   This presumption prevails until overcome by clear and convincing proof. It was respondent who affirmed that said instruments were other than what they purported to be.   It is a well-estblished rule that one claiming an instrument, absolute on its face, to be in fact a mortgage has the burden of showing that fact by clear and convincing proof.   Larsen v. Dutiel, 14 S. D. 476, 85 N. W. 1006; Jones v. Jones, 20 S. D. 632, 108 N. W. 23; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; Turnipseed v. Cun-

ningham, 50 Am. Dec. 196, note; Perot v. Cooper, 17 Colo. 80, 28 Pac. 391, 31 Am. St. Rep. 258; Kellogg v. Northrup, 115 Mich. 327, 73 N. W. 230; Hays v. Carr, 83 Ind. 284; Henley v. Hotaling, 41 Cal. 22; Schmidt v. Barclay, 161 Mich. 1, 125 N. W. 729, 20 Ann. Cas. 1194.

[3] Appellant contends that the trial court erred in not submitting to the jury the question as to whether or not the guaranty sued upon ever became binding upon appellant, or whether appellant signed said guaranty only upon condition that it be secured by a mortgage on the real and personal property in question. We are of the opinion that these were issues concerning which there was a material conflict in the testimony, and which should have been submitted under instructions; but no exceptions of any character were taken by appellant to the instructions given, and therefore, however erroneous in any particular, reversible error cannot now be predicated thereon, as, in the absence of proper exceptions, the instructions, right or wrong, became the law of the case.

[4] Appellant called as a witness said Wayne, one of the said mortgagors and owners of the said mortgaged property at the time the same was alleged to have been transferred by said deed and bill of sale to said Morrow. Wayne testified that he knew the value of said property, and was then asked to state the market value of said real and personal property, referred to and described in said deed and bill of sale, at the time it was turned over under said instruments, to which question respondent objected on the ground of its being immaterial. The objection was sustained, and appellant excepted, and now urges such ruling as error. We are of the opinion that the value of the property at the time of the making and delivery of said deed and bill of sale was material evidence, and should have been admitted. There was a conflict between the testimony of Wayne and one Kibbee, president of plaintiff, who transacted the business of taking said deed and bill of sale on behalf of plaintiff. Wayne testified that said deed and bill of sale were given in settlement of the notes in question, that that settled the transaction so far as the mortgagors were concerned. Kibbee testified that the deed and bill of sale were taken, not in settlement, but as security only, as a substitution of security, in place of the mortgages. If the

value of this mortgaged property had been shown to be consider-
·ably less than the amount due on said mortgage indebtedness,
then that fact would strongly tend to corroborate Kibbee; but,
on the other hand, ·if the ·value of the property was considerably
in excess of the amount of the indebtedness, then it would strong-
ly tend to ·corroborate Wayne. On the question whether a deed,
absolute in form, is ·in fact a mortgage, the question whether
the price is adequate is entitled to great weight. Schmidt v. Bar-
·day, supra, and note at end of case. In this case the price was
the mortgage indebtedness.

The judgment and.order appealed from are reversed, and the
cause remanded for new trial.