[Civ. No. 13038. First Dist., Div. Two. June 18, 1946.]

WINIFRED FORBES, Respondent, v. ALEXANDER FORBES, Appellant.

Walter H. Duane for Appellant.

Abraham M. Dresow for Respondent.

DOOLING, J.—Defendant appeals from a judgment decreeing that defendant held certain real property in trust for plaintiff and quieting plaintiff's title.

Stating the facts most favorably to the judgment: The parties were married in 1924 and had two minor daughters. They were divorced (an interlocutory decree of divorce having been entered in 1930 and a final decree in 1937) and defendant had remarried. Defendant remained on friendly terms with plaintiff and frequently visited at the home in which plaintiff and their daughters lived. Defendant's brother lived in plaintiff's home as a paying guest. In 1941 plaintiff and defendant discussed the possibility of plaintiff buying a home for herself and their daughters, and in October of that year defendant took plaintiff to look at the house which was afterwards purchased. The house contained three flats and was priced at $4,100. Defendant told plaintiff that at least $1,000 was needed for a down payment. The brother-in-law promised to lend plaintiff $450 and plaintiff gave defendant $100, $50 of which was lent to her by her brother-in-law, to be used as a

deposit on the purchase. Plaintiff later withdrew $300 from a bank account, in her name as trustee for one of the daughters, and gave $250 of that amount to defendant. The brother-in-law lent her the additional $400 which he had promised and she delivered that sum to defendant. Finally the parties surrendered certain life insurance policies, three on her life and one on his, and received a total of $636 therefor, which sum was also delivered to defendant. Of this sum of $636, $98 was the surrender value of the policy on defendant's life and the balance of $538 accrued from the plaintiff's policies. Defendant told plaintiff that with the money so delivered to him he would make the down payment on the property and buy it for her. Without the knowledge of plaintiff defendant took title in his own name, executing a note and mortgage in the principal sum of $3,000 to secure the balance of the purchase price.

After the purchase plaintiff and her daughters moved into one of the flats. Plaintiff collected all of the rents from the other two flats, and paid taxes, installments on the mortgage and other expenses of the property therefrom. Defendant gave plaintiff a statement, in his own handwriting, showing a total amount of $1,389.33 received and $1,341.67 paid out in connection with the purchase. The discrepancy of $3.33 between the total of the amounts testified to have been delivered by plaintiff to defendant and the amount shown on the statement was not explained. Presumably the total surrender value of the policies was $639.33, rather than $636.

When plaintiff learned that title had been taken in defendant's name she several times requested him to deliver her a deed to the property. Without denying her right thereto he put her off with excuses until July, 1943, when he demanded of her that she pay him rent for the flat occupied by herself and the children and turn the collection of the rents from the other flats over to a realtor. This action was commenced shortly thereafter.

This evidence was ample to support the trial court's finding that defendant held the property in trust for plaintiff. The complaint charges that the defendant agreed to take and hold the property in his name for the benefit of the plaintiff. On the trial the plaintiff testified that they did not discuss the matter of defendant taking title in his name but only that defendant promised to use the money advanced by her to buy the property for her. The findings were made by reference

to the complaint. Defendant claims a fatal variance. We do not agree. Defendant's promise to buy the property for plaintiff with money advanced by her supports the inference drawn by the trial court of a promise to hold the title which he took in his name for her benefit, as alleged and found. In any event the complaint also alleges and the court found "that the sole consideration for the purchase of said property was the monies furnished by this plaintiff at the special instance and request of defendant" and that "defendant was the agent and representative of said plaintiff in and for all transactions with respect to the purchase of the . . . property, and was the confidential adviser of the plaintiff with respect to the same." The evidence supports these latter findings and, without regard to the finding first discussed, they are sufficient to support the adjudication that the property was held in trust.

Where one as agent undertakes to purchase property for another with money furnished by his principal for that purpose and takes title in himself a trust results in favor of the principal. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Viner* v. *Untrecht,* 26 Cal.2d 261 [158 P.2d 3]; *Hidden* v. *Jordan,* 21 Cal. 92; 3 Scott on Trusts, § 499; 54 Am.Jur. 164; Rest., Agency, § 414(2); Rest., Restitution, § 194; Civ. Code, § 2224.)

Defendant's main attack is on the sufficiency of the evidence to support the findings and judgment. He and his brother testified that the $450 was lent to defendant and not to plaintiff. Plaintiff, at one point, testified that her brother-in-law agreed to "lend us the four hundred and fifty." Defendant seizes upon the pronoun "us" as corroborative of the evidence that the loan was to him and not to plaintiff. But plaintiff testified unequivocally on several occasions that the $450 was lent by her brother-in-law to her and not to defendant; she admittedly gave her brother-in-law a receipt for the money; $400 was admittedly delivered to her by her brother-in-law and by her in turn delivered to defendant; and she repaid $100 to her brother-in-law for which she received a receipt from him in his own handwriting. The weight of this evidence was for the trial judge and it fully supports his conclusion that this money was lent to plaintiff and not to defendant.

Defendant argues that the proceeds of the insurance policies was community property. The interlocutory decree of divorce was entered in 1930. Plaintiff had been working

ever since that date and she testified that she paid all the premiums. The court was justified in concluding that the surrender value of her policies was her separate property. (Civ. Code, § 169.)

Defendant also complains that $250 came from a bank account held in trust by plaintiff for her daughter. The daughter's rights are not involved in this action to which she is not a party. The money was given by plaintiff to defendant to use in the purchase of this property. It did not belong to defendant, and if the daughter has any legal rights against her mother arising from the use of this $250 the judgment in this action will not bar her from asserting them. The weight of the evidence is always for the trial court and it is sufficient if there is substantial evidence to support the findings. (*Watson* v. *Poore,* 18 Cal.2d 302, 311 [115 P.2d 478]; *Beeler* v. *American Trust Co.,* 24 Cal.2d 1, 7 [147 P.2d 583]; *Viner* v. *Untrecht, supra,* 26 Cal.2d 261, 267, 273.)

Defendant's final complaint is that no provision is made in the decree for the protection of defendant against his personal liability on the purchase price note. Defendant did not pray in his answer for any relief in this respect and he failed to prove the terms of the note and mortgage or the amount remaining unpaid thereon. We do not feel justified in reversing an otherwise proper judgment because it fails to contain a provision neither prayed for nor supported by adequate proof at the trial.

The mortgage must first be foreclosed in the event of any default before defendant would be liable for any deficiency and if he should be held for a deficiency (which seems extremely unlikely in the present state of the real estate market) he will have only his own conduct to blame. In such a contingency there is nothing in the judgment appealed from which would prevent him from seeking recoupment from the plaintiff.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.