**Fred ASSAM, Plaintiff and Appellee,**

**v.**

**Bertrand J. HAUK, Defendant and Third Party Plaintiff, Appellant.**

**WESTERN BANK OF SIOUX FALLS, South Dakota, and Pipestone Federal Savings & Loan of Pipestone, Minnesota, Defendants,**

**v.**

**Jacob FRETTY, Third Party Defendant and Appellee.**

**No. 14097.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1983.

Decided March 14, 1984.

John E. Burke, Sioux Falls, for plaintiff and third party defendant, appellee.

Charles Lacey, Sioux Falls, for defendant and third party plaintiff, appellant.

GERKEN, Circuit Judge.

Appellee Fred Assam (Assam) owned and managed the Fred Assam Real Estate Company in Sioux Falls, South Dakota. He employed appellee Jacob Fretty (Fretty) as a real estate salesman. In 1979, Ronald R. Kilmer (Kilmer) listed for sale a cafe in George, Iowa, with the Assam Company.

Fretty and appellant Bertrand J. Hauk (Hauk) had known each other for many years and had participated in a number of business deals together. Hauk owned and operated apartments and laundromats and repaired and remodeled buildings. Fretty suggested to Hauk that they purchase the cafe. Fretty would be a silent partner;

Hauk would remodel the cafe, operate it, sell it; and, Hauk and Fretty would share the profit. Each would contribute one-half of the $12,000.00 down payment. Hauk agreed to purchase the cafe in partnership with Fretty.

On July 14, 1979, Hauk entered into a "Commercial Purchase Agreement and Deposit Receipt" with Kilmer to purchase the cafe for $42,500.00. The agreement required a $500.00 down payment at that time. The down payment was to be forfeited if Hauk did not go through with the contract. The balance of the $12,000.00 down payment was to be paid when the seller complied with the bulk sale law. The closing date was August 8, 1979. The instrument was a contract for deed.

Prior to August 8, 1979, Hauk employed a Sioux Falls married couple to manage the cafe; the couple moved to George, Iowa. After Hauk employed the couple, but prior to August 8, Fretty informed Hauk that he would not be a partner because one of his employees had resigned and the extra work would not allow him to be involved in the venture.

Hauk decided to go forward with the deal. Fretty loaned him $6,000.00, to be repaid when the cafe was sold. Hauk executed a second mortgage on his home as security.

Later, another business of Hauk's had some financial trouble, and Hauk needed $4,000.00. Fretty arranged for Assam to loan Hauk $10,000.00; $6,000.00 repaid Fretty, and $4,000.00 paid another creditor. Assam received a note due on August 26, 1980, and a second mortgage on Hauk's house. The note was not paid, and Assam initiated an action to foreclose. Hauk raised the defens⌄ of illegality and filed a counterclaim and a third party complaint naming Fretty as a defendant and seeking the declaration of a constructive trust. The trial court held for Assam and against Hauk and dismissed the complaint against Fretty. We affirm.

All parties agree that Pipestone Federal Savings & Loan of Pipestone, Minnesota, assignee of Western Bank of Sioux Falls, South Dakota, held a first mortgage. They took no part in the proceedings.

Hauk contends that the sale of the cafe was illegal because Fretty, an agent of Assam's who received a commission for the sale of the cafe, acted in an unprofessional manner. Hauk cites SDCL 36–21–42.1(3), which states:

> Unprofessional conduct shall include the following:
>
> . . . .
>
> (3) Making any false promise or advertisement of a character such as to influence, persuade or induce a party to a real estate transaction to his injury or damage[.]

Hauk contends that he purchased the cafe because Fretty agreed to be his partner. Hauk argues that Assam is liable to Hauk for any injury Hauk incurred by relying on wrongful statements and conduct of Assam's agent Fretty. Fretty, however, notified Hauk prior to the final closing that he would not be Hauk's partner. When Hauk signed the contract for deed, the note and mortgage to Fretty and later to Assam, Hauk knew that Fretty was not his partner and would not be his partner. If he had not gone through with the deal Hauk could have held his loss to $250.00. He was required to exercise ordinary care to minimize existing damages and to prevent future damages. *Nicola v. Meisner*, 84 N.W.2d 702 (N.D.1957).

Hauk further contends that Fretty, as an agent of Assam, violated SDCL 36–21–42.-1(2), (4), (13). However, Hauk knew at all times that Fretty was the agent for the seller, who is not a party here. If the seller has any legal rights against Fretty or Assam, the judgment in this action will not bar him from asserting them. *Forbes v. Forbes*, 74 Cal.App.2d 93ᵉ, 169 P.2d 661 (1946). If Fretty violated his trust and fiduciary relation with the seller, he did it with the knowledge of Hauk.

Hauk further contends that a constructive trust was created. SDCL 55–1–8 states:

One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act, is, unless he has some other and better right thereto, an implied trustee of the thing gained for the benefit of the person who would otherwise have had it.

"Whether a trust results is determined as of the time of the transfer." *Bosworth v. Hagerty*, 78 S.D. 157, 166, 99 N.W.2d 334, 339 (1959).

The presumption of law is that an instrument executed with the formality of a ... contract deliberately entered into expresses on its face its true intent and purpose. *Commercial & Savings Bank v. Cassem*, 33 S.D. 294, 145 N.W. 551 (S.D.1914). A party who seeks to establish the contrary must go beyond the ordinary rule of preponderance. To overcome this presumption and establish a trust or other obligation by parol, the rule that evidence must be clear and convincing applies. *Larson v. Dutiel*, 14 S.D. 476, 85 N.W. 1006 [1901], *Jones v. Jones*, 20 S.D. 632, 108 N.W. 23 [1906], *Kjolseth v. Kjolseth*, 27 S.D. 80, 129 N.W. 752 [1911].

*Knock v. Knock*, 80 S.D. 159, 166, 120 N.W.2d 572, 577 (1963). Hauk fails in his attempt to prove that he was a victim of Assam and Fretty when he purchased the cafe, executed a note and mortgage to Fretty, and later executed a note and mortgage to Assam.

We consider Hauk's other contention to be without merit. The judgment of the circuit court is affirmed.

FOSHEIM, C.J., and WOLLMAN, MORGAN and HENDERSON, JJ., concur.

GERKEN, Circuit Judge, sitting for DUNN, J., disqualified.